IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TORY LENARD TROUP, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:21-CR-0214-SCJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-2654-SCJ-LTW |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Tory Lenard Troup's *pro se* motion under 28 U.S.C. § 2255 (Doc. 69) and the government's response (Doc. 73). For the reasons that follow, the undersigned **RECOMMENDS** that Troup's § 2255 motion [69] be **DENIED**.

I.   **Procedural History**

A federal grand jury in the Northern District of Georgia returned a two-count indictment against Troup and five co-defendants, charging Troup in Count One with conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and in Count Two with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *United States v. Alexander*, No. 1:18-CR-0344-SCJ-CMS (N.D. Ga. Sept. 7, 2018),

at (Doc. 1). After extensive pretrial litigation, Troup opted to enter a negotiated guilty plea, and the Court dismissed the indictment against him. *See id.*, at (Doc. 326).

On June 2, 2021, the government filed a criminal information in the instant case charging Troup with one count each of conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Doc. 1), and Troup entered a negotiated guilty plea to both counts (Doc. 2). The plea agreement provided that the parties agreed to jointly recommend a sentence of ninety-six months of imprisonment and that the Court could impose forfeiture, including the real properties located at 775 Reed Street, a.k.a. 74 Little Street, SE, Atlanta, Fulton County, Georgia and 592 Griffin Street, N.W., Atlanta, Fulton County, Georgia. (Doc. 2-1 ¶¶ 7(g), 19, 20, 25.) With respect to the real property at 592 Griffin Street, the government agreed that it would not forfeit the property if Troup provided sufficient evidence to show that it was not purchased with the proceeds of illegal activities and further agreed not to object to a continuance of Troup's sentencing hearing for a reasonable amount of time necessary for him to gather and produce appropriate documentation regarding that property. (*Id.* ¶ 25.)

The government subsequently consented to continuances of the sentencing date. (Docs. 8; 11.) Despite these continuances, the Court found that Troup did not produce sufficient evidence at the sentencing hearing to show that the Griffin Street property was purchased with legitimate funds and forfeited the property. (Doc. 40 at 28-50.) The Court determined that Troup's guidelines range was 292 to 365 months of imprisonment. (*Id.* at 8.). The Court then imposed the parties' jointly recommended sentence of ninety-six months of imprisonment. (*Id.* at 50-51; Doc. 22.)

Troup moved the Court to reconsider forfeiture of the Griffin Street property. (Doc. 30.) The Court denied Troup's motion and found that Troup had not provided any evidence to show that the funds used to purchase the Griffin Street property were legitimate. (Doc. 54 at 7-10.)

Troup appealed, challenging the enforceability of his appeal waiver provision as applied to the Court's order of forfeiture and arguing that the Court abused its discretion in reaching that decision. (Doc. 58.) The United States Court of Appeals for the Eleventh Circuit granted the government's motion to dismiss the appeal as barred by the appeal waiver. (*Id.*)

Troup timely filed this § 2255 motion, raising the following grounds for relief: (1) his attorney provided him ineffective assistance by failing to produce

evidence at the sentencing hearing to show that the Griffin Street property was purchased with legitimate funds; (2) counsel was also ineffective for failing to object to the government's alleged misstatement of the elements of both offenses during the plea hearing; (3) the trial court erred in accepting Troup's guilty plea because he believed he was pleading guilty to substantive drug and money laundering counts, instead of conspiracy counts; and (4) his attorney provided him ineffective assistance by failing to raise ground (3) on appeal. (Doc. 69 at 4-6, 8, 13-17.) The government responds that ground (1) is not cognizable under § 2255, that ground (3) is procedurally defaulted, and that grounds (2) and (4) lack merit. (Doc. 73 at 11-20.)

## II. Discussion

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case.  *See Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, a hearing is not required if record conclusively demonstrates that no relief is warranted).

  A. <u>Ground (1): Counsel's Assistance Regarding Forfeiture</u>

In ground (1), Troup argues that his attorney provided him ineffective assistance by failing to produce evidence at the sentencing hearing to show that the Griffin Street property was purchased with legitimate funds.  (Doc. 69 at 4.)  "[A] challenge to forfeiture is outside the scope of a § 2255 proceeding because § 2255 affords relief only to those prisoners who claim the right to be released from custody."  <u>Tarabein v. United States</u>, No. CR 17-00090-KD-B, 2021 WL 5167294, at *7 (S.D. Ala. Nov. 5, 2021) (citations omitted).  Because Troup's claim that his attorney was ineffective for failing to produce evidence at the sentencing hearing regarding the forfeiture of the Griffin Street property "does not seek relief from a custodial sentence, it is not cognizable under § 2255."  *Id.* (citations omitted).  Therefore, Troup is not entitled to relief on ground (1).

B.      Ground (2): Counsel's Assistance With Plea

In his second ground for relief, Troup contends that counsel was also ineffective for failing to object to the government's alleged misstatement of the elements of both offenses during the plea hearing. (Doc. 69 at 5, 13-15.) Specifically, Troup argues that counsel should have objected when the government added the words "try" and "willfully"[1] to the elements for Count One, i.e., conspiracy to possess with intent to distribute at least 500 grams of cocaine, in violation of §§ 841(b)(1)(A) and 846. (*Id.* at 13-15.)

To establish ineffective assistance of counsel, a § 2255 movant must show that his counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's

---

[1] Although Troup also states that the government "unconstitutionally" added "tacit understanding" as an element of his offenses (Doc. 69 at 15), the government did not use those words in its recitation of the elements of Troup's offenses during the plea hearing. *See* (Doc. 55 at 16-17.) Troup has not shown prejudice based on counsel's failure to object to this language in the information, as he does not allege that this rendered his guilty plea unknowing or involuntary. Furthermore, the Eleventh Circuit has affirmed a conviction under § 846 where the indictment included this language. *United States v. Sanders*, 668 F.3d 1298, 1311 (11th Cir. 2012) (per curiam).

performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that his lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

During the plea hearing, the government described the elements of Count One as follows:

> The first element is that two or more people *try* to accomplish a shared and unlawful plan to possess with the intent to distribute a controlled substance; second, the defendant knew the unlawful purpose of the

> plan and *willfully* joined in it; and third, for statutory maximum and minimum sentencing purposes the conspiracy involved at least 500 grams of a substance and mixture containing a detectible amount of cocaine.

(Doc. 55 at 16 (emphasis added).)  The Eleventh Circuit has held that jury instructions for a drug conspiracy under § 846 using language similar to the government's description of the elements in this case, including the words "willfully" and "try," "were not erroneous." *United States v. Ruan*, 56 F.4th 1291, 1299 (11th Cir.) (per curiam), *cert. denied sub nom. Xiulu Ruan & John Patrick Couch v. United States*, 144 S. Ct. 377, 217 L. Ed. 2d 203 (2023).  Accordingly, counsel reasonably did not raise this meritless objection during the plea hearing, and Troup cannot show prejudice.  Thus, he is not entitled to relief on ground (2).

    C.    <u>Ground (3): Procedural Default</u>

In ground (3), Troup asserts that the trial court erred in accepting his guilty plea because he believed he was pleading guilty to substantive drug and money laundering counts, instead of conspiracy counts.  (Doc. 69 at 6, 16-17.)  Troup did not raise this claim on direct appeal.

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of factual innocence,

8

not mere legal insufficiency. *Griffin v. United States*, No. 22-12476, 2023 WL 8724660, at *3 (11th Cir. Dec. 18, 2023) (per curiam). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece*, 119 F.3d at 1467 (citation omitted). "The [actual innocence] gateway should open only when a petition presents [new] 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (citing *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

Troup has not alleged that an objective factor external to the defense prevented him from raising this claim on direct appeal or that he is actually innocent. He cannot rely on ineffective assistance of appellate counsel to excuse the procedural default because, as discussed below in subsection II.D., he has not shown deficient performance by counsel or prejudice for failing to raise this claim on appeal. Accordingly, Troup is not entitled to § 2255 relief with respect to ground (3). *Griffin*, 2023 WL 8724660, at *3.

D. Ground (4): Counsel's Assistance on Appeal

Lastly, in ground (4), Troup maintains that his attorney provided him ineffective assistance by failing to argue on appeal that the trial court erred in accepting his guilty plea because he believed he was pleading guilty to substantive drug and money laundering counts, instead of conspiracy counts. (Doc. 69 at 8, 16-17.) In support of this ground, Troup cites his response to the Court's inquiry during the plea hearing regarding his understanding of the charges. (*Id.* at 16.) Specifically, Troup responded, "possessing and distributing a controlled substance, being cocaine, and using illegal proceeds to facilitate the financial transactions." (Doc. 55 at 17.)

To succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate "that counsel's performance was so deficient that it

10

fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the appeal would have been different." *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011).  "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy."  *Smith v. Murray*, 477 U.S. 527, 536 (1986).

Troup's claim that he believed he was pleading guilty to substantive drug and money laundering counts is belied by the record, which conclusively establishes that that he knew he was pleading guilty to conspiracy counts.  Both the original indictment in case number 1:18-CR-0344-SCJ-CMS and the information in this case charged him with conspiracies.  The government's description of Troup's offenses during the plea hearing clearly stated that he was charged with conspiracies, and the factual basis, with which he agreed, included references to his "associates," "others working with him," and "multiple participants in defendant's cocaine distribution activities."  (Doc. 55 at 16-17, 22.)  Therefore, Troup has not shown that counsel's failure to raise this meritless claim on appeal was unreasonable or that, had counsel raised it, the outcome of his appeal would have been different, and he is not entitled to relief on ground (4).

### III. Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because, based on the foregoing discussion of Troup's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Troup's § 2255 motion [69] and a COA be **DENIED** and that civil action number 1:24-CV-2654-SCJ-LTW be **DISMISSED**.

**SO RECOMMENDED**, this   31   day of         July        , 2024.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE