IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TORY LENARD TROUP, | : | |
| | : | CRIMINAL ACTION FILE |
| Movant, | : | |
| | : | No. 1:21-CR-0214-SCJ-1 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION FILE |
| | : | |
| Respondent. | : | No. 1:24-CV-2654-SCJ |

## ORDER

The matter is before the Court for consideration of the Report and Recommendation (R&R), Doc. No. [74], in which the Magistrate Judge recommends that Movant Tory Lenard Troup's pro se 28 U.S.C. § 2255 motion to vacate, Doc. No. [69], be denied and that Movant be denied a certificate of appealability. Movant filed motions for extensions of time to file (1) a reply to the Government's response to the § 2255 motion, Doc. No. [76], and (2) objections to the R&R, Doc. No. [80]. Movant subsequently did not file a reply to the Government's response to the § 2255 motion, but he filed objections to the R&R, Doc. No. [78]. Accordingly, Movant's motion for extension of time to file a reply to the Government's response to the § 2255 motion, Doc. No. [76], is **DENIED AS MOOT**. For good cause shown, Movant's motion for extension of time to file objections to the R&R, Doc. No. [80], is **GRANTED**, and the

Court will consider the objections as timely filed. Having reviewed the record in light of Movant's objections, this Court agrees with the Magistrate Judge that the § 2255 motion must be **DENIED**.[1]

**I. Background**

On June 2, 2021, Movant pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute at least 500 grams of cocaine and one count of conspiracy to commit money laundering. Doc. No. [2]. This Court sentenced him to a total of 96 months' imprisonment. Movant then filed the instant § 2255 motion. After requiring a response from the Government, the Magistrate Judge reviewed Movant's claims and determined that Movant is not entitled to relief. Specifically, the Magistrate Judge determined that (1) Movant's claim of ineffective assistance of counsel in Ground 1 is not cognizable under § 2255, (2) Movant fails to establish ineffective assistance of counsel in Grounds 2 and 4, and (3) Movant's claim in Ground 3 is procedurally defaulted.

---

[1] The Clerk is **DIRECTED** to update Movant's address on the docket sheet of Criminal Action Number 1:21-CR-0214-SCJ-1 to the following: Dismas Charities Atlanta West, 300 Wendell Ct. SW, #300, Atlanta, GA 30336. See Doc. No. [79].

## II. Legal Standard

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III. Discussion

Movant first objects that the Magistrate Judge should have waited for him to file a reply to the Government's response to the § 2255 motion before issuing the R&R. Doc. No. [78] at 1. Although Movant sought an extension of time to file a reply, he ultimately did not file one. "A reply by the movant shall be permitted, but it is not necessary for the movant to file a reply as a routine practice." N.D. Ga. R. 7.1(C). The Court finds that Movant has had sufficient opportunity to present his arguments in his § 2255 motion and objections to the R&R. Therefore, Movant fails to show that the Magistrate Judge erred in issuing the R&R before Movant could file a reply.

Movant does not object to the Magistrate Judge's determination in Ground 1 that Movant's claim of ineffective assistance of counsel is not cognizable under § 2255. The claim concerns counsel's failure to challenge the forfeiture of certain property. The Magistrate Judge correctly explained that § 2255 affords relief only from a custodial sentence. Doc. No. [74] at 5. The Court concludes that the Magistrate Judge did not clearly err in determining that Movant is not entitled to relief on Ground 1.

Movant objects to the Magistrate Judge's determination in Ground 2 that counsel did not provide ineffective assistance during the plea hearing by failing to object to the Government's description of count one, conspiracy to possess with intent to distribute at least 500 grams of cocaine. Doc. No. [78] at 1-5. The Government stated the following:

> The first element is that two or more people <u>try</u> to accomplish a shared and unlawful plan to possess with the intent to distribute a controlled substance; second, the defendant knew the unlawful purpose of the plan and <u>willfully</u> joined in it; and third, for statutory maximum and minimum sentencing purposes the conspiracy involved at least 500 grams of a substance and mixture containing a detectible amount of cocaine.

Doc. No. [55] at 16 (emphasis added). As the Magistrate Judge correctly explained, the Eleventh Circuit found no error in jury instructions for this offense that included the words "try" and "willfully." <u>United States v. Ruan,</u> 56 F.4th 1291, 1299 (11th Cir. 2023) (per curiam). Therefore, the Magistrate Judge determined that counsel's failure to

4

object did not constitute deficient performance. Doc. No. [74] at 6-8. Movant objects that the Eleventh Circuit incorrectly decided Ruan. However, this Court is bound by the Eleventh Circuit's decision. The Court concludes that counsel did not provide ineffective assistance. "A lawyer cannot be deficient for failing to raise a meritless claim." Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam). Accordingly, the Magistrate Judge did not err in determining that Movant is not entitled to relief on Ground 2.

Movant objects to the Magistrate Judge's determination regarding Ground 3, in which Movant claims that the Court erred in accepting Movant's guilty plea despite his alleged belief that he was pleading guilty to drug and money laundering offenses rather than conspiracies involving drugs and money laundering. Doc. No. [78] at 5-7. As the Magistrate Judge correctly explained, Ground 3 is procedurally defaulted because Movant did not raise it on direct appeal and failed to show cause and actual prejudice or actual innocence. Doc. No. [74] at 8-10. Movant's objections fail to address procedural default. The Court concludes that the Magistrate Judge did not err in determining that Ground 3 is procedurally defaulted and Movant is not entitled to relief.

Movant objects to the Magistrate Judge's determination in Ground 4 that counsel did not provide ineffective assistance by failing to raise on appeal the Court's

acceptance of Movant's guilty plea despite Movant's alleged belief that he was pleading guilty to drug and money laundering offenses rather than conspiracies involving drugs and money laundering. Doc. No. [78] at 7-8. As the Magistrate Judge correctly explained, the record shows that Movant knew he was pleading guilty to conspiracies, based on the information, the plea agreement, and the Government's description of the offenses at the plea colloquy. Therefore, the Magistrate Judge concluded that counsel did not perform deficiently by failing to raise this issue on appeal. Doc. No. [74] at 10-11. Movant's objections repeat his previous argument regarding his allegedly mistaken belief and ignore the record evidence showing that he knew he was pleading guilty to conspiracies. At the plea colloquy, the Court found that Movant understood the charges. Doc. No. [55] at 23. Movant's objections do not persuade the Court to reach a different decision now. Accordingly, the Court concludes that counsel did not provide ineffective assistance. Appellate counsel in a criminal case does not have a duty to raise every issue requested by the client. See Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Id. at 752. Because Movant's proposed appellate issue was meritless, the Magistrate Judge did not err in determining that Movant is not entitled to relief on Ground 4.

## IV. Conclusion

For the reasons stated, Movant's motion for extension of time to file a reply to the Government's response to the § 2255 motion, Doc. No. [76], is **DENIED AS MOOT**. Movant's motion for extension of time to file objections to the R&R, Doc. No. [80], is **GRANTED**, and the Court considers the objections as timely filed. Movant's objections, Doc. No. [78], are **OVERRULED**, the R&R, Doc. No. [74], is **ADOPTED** as the order of the Court, and the pending 28 U.S.C. § 2255 motion to vacate, Doc. No. [69], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:24-CV-2654-SCJ.

The Court further agrees with the Magistrate Judge that Movant has not met the standard of 28 U.S.C. § 2253(c)(2), and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 2nd day of October, 2024.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE